UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:21-CR-00060-CKK |
| | § | |
| JESUS D. RIVERA | § | |

**DEFENDANT'S MOTION *IN LIMINE***

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, through Counsel, and requests that This Honorable Court not admit into trial the Government's tendered adoptive statement of Defendant as it violates Federal Rule of Evidence 801(d)(2)(B).

The evidence which the Government offers to admit is a video made by Defendant's wife on January 7, 2021, as the couple was returning home from Washington, DC, after having observed the January 6th protests at the Capitol.

In the video, made by Mrs. Jessica Rivera, she is seen on camera driving a vehicle. No one else is in the field of view of the camera.

During the "selfie" video, Mrs. Rivera is heard narrating what she saw occur at the Capitol, the day before, and it appears she is intending the video to be seen by others.

On occasion, one can hear a male voice speak, and on at least one occasion Mrs. Rivera turns the camera to the passenger seat of the vehicle and Defendant is seen sitting there.

Of the many statements made by Mrs. Rivera, Defendant interjects a comment only rarely, and remains silent throughout most of the video.

The Government wishes to have this video admitted as an adopted statement by Defendant, under Federal Rule of Evidence 801(d)(2)(B).

In ruling on this motion, This Honorable Court must conduct an inquiry to determine whether the Defendant in fact adopted the statement, considering the context and surrounding circumstances of the claimed adoption.  [See *Harris v. U.S.*, 832 A.2d 106, 116 (D.C. 2003)].

The *Harris* court held that a "criminal defendant can adopt statements of another as his own admissions "if it clearly appears that the accused understood and unambiguously assented to the statements.""  [*Id* at 116, 117, citing *Foreman v. U.S.*, 792 A.2d 1043, 1052 (D.C. 2002)].

In the instant case, the tendered evidence is nothing more than Defendant's wife making a video of her observations of the previous day's events, and she is directing her comments to whatever audience of friends or whomever may ultimately see her ramblings.  She is not directing her comments to Defendant, and he is not the narrator of the video.  There is no evidence that he is listening intently to his wife's musings, and at most he only interjected a comment on rare occasion.

Once put into context, and considering the casual circumstances under which this video was made by Mrs. Rivera, any silence by Defendant cannot be considered a statement acquiescing to what his wife stated into the camera.

WHEREFORE, premises considered, the Defendant very respectfully requests that This Honorable Court grant this unopposed motion for permission to travel.

    Very respectfully,

    */S/ Guy L. Womack*
    Guy L. Womack
    Counsel for Defendant
    Texas Bar No. 00788928
    609 Heights Blvd.
    Houston, Texas   77007
    Tel:  (713) 224-8815
    Fax: (713) 224-8812
    Guy.Womack@USA.net

CERTIFICATE OF SERVICE

    A copy of the foregoing was delivered via CM/ECF to the U. S. Attorney's Office and by direct email this 20th day of May, 2022.

                              */S/ Guy L. Womack*
                              Guy L. Womack