UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-60 (CKK) |
| v. : | |
| : | |
| JESUS D. RIVERA, : | |
| : | |
| Defendant. : | |

**JOINT PROPOSED JURY INSTRUCTIONS**

The parties submit the following element instructions for the charged offenses. Part A includes instructions to which the parties agree. Part B includes an instruction proposed by the defendant to which the government objects.

**A. Jointly Proposed Element Instructions**

The parties have no objection to the following element instructions:

**Count One: Entering or Remaining in a Restricted Building, 18 U.S.C. § 1752(a)(1)**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant entered or remained in a restricted building without lawful authority to do so.

2. The defendant did so knowingly.

The term "restricted building" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of

his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.[1]

**Count Two: Disorderly or Disruptive Conduct in a Restricted Building, 18 U.S.C. § 1752(a)(1)**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building.

2. The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3. The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

---

[1] When a person enters a place with a good purpose and a bona fide belief in his right to enter, that person lacks the requisite criminal intent for unlawful entry. See *Darab v. United States*, 623 A.2d 127, 136 (D.C. 1993). In a case where defendant has introduced sufficient evidence to support such a belief the jury could also be instructed as follows:

> A person who enters a restricted building with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find the Defendant guilty of Count One unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The terms "restricted building" and "knowingly" have the same meanings described in the instructions for Count One.

**Count Three: Violent Entry or Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D)**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant engaged in disorderly or disruptive conduct in any of the

United States Capitol Buildings.

2. The defendant did so with the intent to impede, disrupt, or disturb the

orderly conduct of a session of Congress or either House of Congress.

3. The defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at

First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same meaning described in the

instructions for Count Two defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

The term "knowingly" has the same meaning described in the instructions for Count One.

**Count Four: Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e)(2)(G)**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

2. The defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

The terms "United States Capitol Buildings," "knowingly," and "willfully" have the same meanings described in the instructions for Counts One and Three.

### B. Defendant's Proposed Additional Instruction

In addition to the instructions set forth above, the defendant asserts that the government must prove more than the mere presence of the defendant at the crime and that "mere presence at the scene of a crime, even with knowledge a crime is being committed, is insufficient to convict the defendant." See *United States v. Jones,* 44 F.3d 860, 869 (10th Cir. 1995) (holding that even "presence at the scene of the crime" or "knowledge that [a] crime is being committed" is insufficient to be convicted of aiding and abetting.

The government's position is that this "mere presence" instruction is related to the theory of liability of an aider and abettor and goes beyond the court's request for element instructions. To the extent aider and abettor liability is applicable, which it is not, the defendant's "mere presence" instruction is incomplete. The government believes the instruction on aider and abettor

4

liability set forth in *Criminal Jury Instructions for DC Instruction 3.200 (2021)* is a more accurate and complete statement of applicable law.

          Respectfully submitted,

          MATTHEW M. GRAVES
          United States Attorney

By:   /s/*Barry K. Disney*
       Barry K Disney
       KS Bar No. 13284
       Mona Lee M. Furst
       KS. Bar No. 13162
       Assistant United States Attorneys
       601 D. Street N.W.
       Washington, DC 20579
       Barry.Disney@usdoj.gov
       (202) 924-4861 (cell)