# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    v.

JESUS RIVERA,

    Defendant.

Criminal Action No. 21-060 (CKK)

**ORDER SETTING FORTH TRIAL PROCEDURES**
(June 6, 2022)

In order to administer the trial of the above-captioned criminal case in a fair, just, efficient and economical manner, it is this 3rd day of June, 2022 hereby

**ORDERED,** that counsel for the Government and Defendant are directed to comply with each of the following procedures and requirements.

I.    <u>GENERAL COURTROOM RULES</u>

The Court expects counsel to demonstrate civility towards everyone related to the case and the Court at all times. Unless otherwise granted, counsel shall follow these procedures:

1.    All statements by counsel should be directed to the Court and not to opposing counsel.

2.    Lawyers shall stand when making objections.

3.    Lawyers will refer to all witnesses, over the age of 18, including their clients, as "Mr." or Ms.," or other appropriate title. The use of first names or nicknames is not allowed.

4.    Witnesses will be addressed in a respectful and polite manner; there will be no shouting at witnesses.

5.    Lawyers shall interrogate witnesses and make opening statements and closing arguments from the lectern. (A lapel microphone can also be used for opening and closing arguments only.)

6.    If a lawyer finds it necessary to approach a witness, permission should first be obtained from the Court.

7.    The rule on witnesses is **always** in effect.

8.    Times for starting and adjourning the trial day will be announced at the start of trial. Proceedings will begin promptly and the Court will not be kept waiting. In particular, counsel are **warned** not to raise preliminary matters at the start of the trial day when all others

are ready to proceed. The Court will be available to resolve preliminary matters 15 minutes prior to the scheduled start of the trial day, or during the lunch break, or at the conclusion of the trial day. Trial time will not, however, be lost.  For the procedure for raising legal or preliminary issues before trial time, see Motions in Limine below.

       9.       <u>MOTIONS IN LIMINE</u>: Motions in Limine are encouraged with respect to legal matters that can reasonably be expected to arise during trial, and should be filed in advance of trial. Any legal matters or evidentiary issues which will arise during the course of the trial and have not been the subject of a motion in limine should be discussed between counsel in advance but no later than the night before the witness or exhibit is to be admitted in an effort to resolve any objections. If there is no resolution, the proponent of the objection or evidence shall send an e-mail to Chambers by no later than 7:00 p.m. on an evening before a trial day stating in succinct terms the evidence or objection with legal authority, and the opposing party shall send an e-mail to Chambers by no later than 7:45 a.m. the next day stating the contrary position with legal authority.

       For issues that may need to be resolved before the Court begins or resumes trial on a Monday, the proponent of the objection or evidence shall send an e-mail to Chambers by no later than Saturday at 12:00 p.m. stating in succinct terms the evidence or objection with legal authority, and the opposing party shall send an e-mail to Chambers by no later than Saturday at 5:00 p.m. stating the contrary position with legal authority. The Court will discuss and rule during the time for preliminary matters each morning of trial. If the Court has set a time limit for counsel to complete direct and cross-examination, any matters not brought to the Court's attention in this manner will be deducted from the time of the party who did not follow this procedure.

II.    <u>CONDUCT OF THE TRIAL</u>

       1.       <u>WITNESSES</u>: A party calling a witness must arrange for the witness' presence until cross-examination is completed. Failure to have a witness present for cross-examination is grounds for striking the witness's testimony. Except in extraordinary circumstances, the Court will not recess simply because a witness is unavailable. The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court ahead of time.

       2.       <u>EXHIBIT LISTS</u>: All exhibits are to be marked numerically in advance of trial and the written list must contain a brief description of each exhibit. In addition to opposing counsel, copies shall be provided to the court, deputy courtroom clerk and court reporter.

       3.       <u>EVIDENTIARY OBJECTIONS</u>**:** It is expected that counsel shall anticipate and raise evidentiary issues before or after the trial day or at breaks. Counsel must stand and state the legal basis for their objections in a word or, at most, a phrase without elaboration or argument. For purposes of "protecting the record" and assisting the Court of Appeals, counsel may explain their positions and the Court may explain its ruling on the record.

4. <u>DIRECT AND CROSS-EXAMINATION</u>: During direct or cross-examination of a witness, counsel shall not:

- A. testify by improperly incorporating facts into their questions information that has not been received into evidence; *see, e.g.*, *United States v. Sampol*, 636 F.2d 621, 669 (D.C. Cir. 1980);

- B. use an objection as an opportunity to argue or make a speech; *see, e.g.*, *United States v. Powe*, 591 F.2d 833, 839 (D.C. Cir. 1978);

- C. offer gratuitous comments and asides about witnesses testimony or opposing counsel.

In addition, counsel generally will not be allowed re-cross-examination of any witness;

Failure to abide by these rules may result in severe sanctions.

5. <u>CLOSING ARGUMENTS</u>: With regard to both opening statements and closing arguments, the Court will intervene *sua sponte* and not wait for objections if it observes the failure to adhere to basic legal principles. In making closing arguments, counsel shall be limited by the evidence presented during trial. Moreover, during closing arguments and throughout the trial, counsel shall not:

- A. make statements of personal belief or express belief in the credibility of any witness; *see* Model Rules of Prof'l Conduct R. 3.4(e) ("A lawyer may not, in trial . . . state a personal opinion as to the justness of a cause [or] the credibility of a witness."); *see also Olenin v. Curtin & Johnson, Inc.*, 424 F.2d 769 (D.C. Cir. 1968) (noting that an advocate may not argue to the jury his opinion of the issues or the credibility of a witness);

- B. make personal attacks on other counsel in the case; *see, e.g., Young*, 470 U.S. at 9; *United States v. Mealy*, 851 F.2d 890, 904 (7th Cir.1988);

- C. make racial, political, or religious comments; *see*, *e.g.*, *Brooks v. Kemp*, 762 F.2d 1383, 1413 (11th Cir. 1985), *cert. denied*, 478 U.S. 1022 (1986); *United States v. Hollins*, 811 F.2d 384, 390 (7th Cir. 1987).

Failure to abide by these rules may result in severe sanctions.

6. <u>TECHNICAL EQUIPMENT</u>: In advance of trial, parties who would like to use technical equipment (e.g., overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's Office at (202) 354-3019.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge