**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-CR-60 (CKK)** |
| **v.** | : | |
| | : | |
| **JESUS RIVERA,** | : | |
| | : | |
| **Defendant.** | : | |

## OPPOSITION TO DEFENDANT'S MOTION TO STAY SENTENCING

The United States of America respectfully opposes Jesus Rivera's December 2, 2022 motion for a stay of the execution of his sentence pending appeal. Rivera participated in the Capitol riot on January 6, 2021 and was convicted after a bench trial of four (4) misdemeanors. ECF 62, Finding of Fact and Conclusions of Law.  He was sentenced to serve a total of eight (8) months in custody, broken down as follows: a sentence of eight (8) months on Counts 1 and 2, 18 U.S.C. §§1752(a)(1) & (2), Class A misdemeanors, to be served concurrently to each other and to the sentences of six (6) months in Counts 3 and 4 for violations of 40 U.S.C. §§5104(e)(2)(D) & (G), Class B, petty offenses.  ECF 82, Judgment & Conviction, at 3. The defense has alleged in its motion that his reporting date to the Bureau of Prisons is January 9, 2023.  ECF 88 at 1, ¶2. Because Rivera has not shown that his appeal "raises a substantial question of law or fact likely to result in" a reduced or probationary sentence, this Court should deny his motion. 18 U.S.C. § 3143(b)(1).

### BACKGROUND

The Court is well versed in the facts of this case and laid out the evidence submitted during the two-day bench trial in its "Findings of Fact and Conclusions of Law" filed June 17, 2022.  ECF 62.

As this Court found, Rivera "was a willing and supportive participant in the riot." Findings of Fact and Conclusions of Law, ECF 62 at 6. In December 2020, Rivera posted on Facebook that he would attend the "Stop the Steal" rally in Washington, D.C.  Rivera traveled from his home in Florida to Washington, D.C. On January 6, after attending the rally, Rivera marched with thousands of others to the Capitol, stating on a live-feed video he was filming, "we just keep coming" and shouting "America!" *Id*. at 7 citing Gov.'s Ex. 305; Gov.'s Ex. 326 (Crypt), "He urged his followers watching his Facebook livestream to share his livestream with their friends and followers" and proclaimed he was "about to take [his] ass to the middle of the [United] State[s] Capitol." *Id.*

Entering the restricted area, Rivera observed the destroyed fencing that he understood had been established to prevent members of the public from entering the Capitol grounds. ECF 62 at 7. He also observed intact fencing that still bore the "Area Closed" signs in plain view. *Id* citing Gov's Ex. 306. One man told Rivera "we're not supposed to be here; it's all blocked off," but Rivera continued to move to the front of the mob. *Id.*

At 1:59 p.m., Rivera arrived at northwestern stairway of the Capitol, which led from the Lower Terrace to the Upper Terrace. ECF 62 at 7 citing Gov's Ex. 310, 312. There, he filmed police struggling against a horde of rioters attempting to reach the Upper Terrace. *Id*. He kept filming until the police line fell at 2:09 p.m. *Id*. While filming, Rivera told his Facebook audience, "Patriots are going crazy. Let's get out there!'" *Id.* He announced that MPD officers were firing pepper spray at the rioters. *Id*. at 7-8.

After the police line on the stairway broke, Rivera ascended the stairs and reached the Upper West Terrace at 2:23 p.m. ECF 62 at 8 citing Gov's Ex. 312. He saw rioters climbing a wall and shouted at them, 'there's an easier way up!'" *Id* citing Gov's Ex 333.

He watched other rioters breach the Senate Wing Door for the second time at 2:42 p.m. and breach the Parliamentarian Door at 2:49 p.m. *Id* citing Gov's Ex. 317. He yelled to a nearby rioter:

> This is what me and my boy were talking about, saying [that] the only way this would be a real revolution is if we go in and pull their asses out of there. This is the only fucking way. All this fucking talk—it has to get done, dude. This is what we need. This is what they needed.

*Id*.

Rivera entered the Capitol Building through a broken window adjacent to the Senate Wing Door as the PA system loudly warned Members of Congress and staffers to take cover. ECF 62 at 9 citing Gov's Ex. 321, 322. He was inside the Capitol for approximately 20 minutes, "roaming the halls of the Capitol, videoing, livestreaming, and taking selfies" ultimately going to the Crypt before exiting. *Id* citing Gov.'s Exs. 321, 322, 328, 329.

After returning home, Rivera bragged about his involvement in the riot and proclaimed his pride in "challeng[ing] authority" on January 6 after "push[ing] his way through [] riot police. ECF 62 at 9 citing Gov.'s Ex. 331. When some of his Facebook followers criticized him, Rivera responded that they were "weak as fuck," and told a friend "I can honestly say I had a great time." *Id* citing Gov.'s Ex 332, 400.

## ARGUMENT

### A.    Applicable Legal Principles

"[A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" "shall . . . be detained, unless [the Court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay

and *raises a substantial question of law or fact* likely to result in . . . a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1) (emphasis added). A "substantial question" is "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.3d 554, 555-56 (D.C. Cir. 1987).

### B.     Discussion

Rivera has not raised "a substantial question of law or fact likely to result in" a reduced or probationary sentence. 18 U.S.C. § 3143(b)(1). Indeed, in his motion, Rivera fails entirely to identify any question of law or fact that he intends to press on appeal, focusing instead on the length of his sentence and various aspects of his personal character. He makes no claim that evidence was admitted in error or that that his convictions should be set aside. Rather, his singular argument is his sentence is too long. While Rivera's sentences for Counts 3 and 4 represent the statutory maximum, *see* 40 U.S.C. § 5109(b) (establishing six-month maximum for § 5104(e)(2)(D) & (G) violation)[1], the sentences of eight (8) months each for the Class A misdemeanors, Counts 1 and 2 are "well below" the statutory maximum of no more than one year (12 months), s*ee* 18 U.S.C § 1752(b)(2), and are squarely within the middle of the 6 to 12 month guideline provision set forth in the revised PSR. ECF 74 at ¶ 84.  Rivera's allegation that his sentence is the "longest misdemeanor sentence among all Jan. 6 cases thus far" does not show "a close question or one that very well could be decided the other way" on the issue of sentencing. *Perholtz*, 836 F.3d at 555-56.

---

[1] The United States Sentencing Guidelines do not apply to Counts 1 and 2.  *See* U.S.S.G. § 1B1.9 (2018).

Rivera, who bears the burden of showing a substantial question, *see, e.g., United States v. Zimny*, 857 F.3d 97, 100 (1st Cir. 2017), has not even shown a factual foundation for this claim. The Guidelines though advisory are the "product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594, 169 L. Ed. 2d 445 (2007). A sentence within the advisory guidelines range is entitled to a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 347, 127 S. Ct. 2456, 2463, 168 L. Ed. 2d 203 (2007); *United States v. Dorcely*, 454 F. 3d 366, 376 (D.C. Cir. 2006).

Rivera does not cite sentencing comparisons the Court could consider but merely alleges that his counsel *believes* Rivera's sentence is longer than "as many as 200 misdemeanor sentences". ECF 88 at 2. He does not even narrow it down to others charged with the same crimes as he who also went to trial. This vague reference does not show a "substantial question of law or fact" under 18 U.S.C. § 3143(b)(1). By contrast, the Government directed the Court at sentencing to comparable cases in which defendants had committed similar acts. ECF 69, Gov't Sentencing Memorandum, at 22-25.[2]

Because Rivera has not shown that his appeal "raises a substantial question of law or fact likely to result in" a reduced or probationary sentence, 18 U.S.C. § 3143(b)(1), his motion for stay of the execution of his sentence pending appeal should be denied.

---

[2] In its sentencing memorandum the Government directed the Court to *United States v. Simon*, 1:21-cr-000-cr-00346 (BAH**)** in which the defendant pleded guilty to a single count of violating 18 U.S.C. § 1752(a)(2) and was sentenced to 8 months of incarceration, a sentence equal to Rivera's sentence for multiple convictions.

## CONCLUSION

WHEREFORE, the government respectfully requests that Rivera's motion be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

BARRY K. DISNEY
TRIAL ATTORNEY

MONA LEE M. FURST
Assistant United States Attorney

_____/s/_____
BARRY K. DISNEY
KS Bar # 13284
Trial Attorney
601 D Street, NW, Room 6.232
Washington, D.C. 20530
Barry.Disney@usdoj.gov
(202) 305-4367

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant on this 5th day of December, 2022.


_____ /s/
BARRY K. DISNEY
KS Bar # 13284
Trial Attorney