UNITED STATES DISTRICT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Case No. 21-CR-0060-CKK |
| | ) |
| JESUS RIVERA, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR STAY OF SENTENCE PENDING APPEAL

### I. Introduction

The Defendant stands convicted of nonviolent misdemeanors, which involved no force or destruction of anyone's personal or public property. Following the Defendant's sentence of eight (8) months incarceration, counsel for the Defendant filed a written motion with the Court requesting for a stay of the Defendant's sentence pending the outcome of his appeal in this matter.

### II. Applicable Standard

A defendant who has been convicted of a crime and sentenced to a jail term, typically has to be detained while he files an appeal. *See* 18 U.S.C. § 3143(b). However, under Section 3143(b)(1)(A), the execution of that sentence must be suspended, and the Defendant must be released on bail awaiting an appeal if he shows that, "by clear and convincing evidence, [that] he is not likely to flee or pose a danger to the safety of any person or the community" and "that the appeal is not for the purpose of delay." *See* 18 U.S.C. § 3143(b)(1)(B). see *United States v. Zimny*, 857 F.3d 97, 101 (1st Cir. 2017). The Defendant must also show that the appeal,

> "Raises a substantial question of law or fact likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *See* 18 U.S.C. § 3143(b)(1)(B).

According to the Court's interpretation, a "substantial question of law or fact," is one that involves a "close question or one that very easily may be determined the other way." *See United*

States v. Bayko, 774 F.2d 516, 522-523 (1st Cir. 1985). According to *Bayko,* the statute's second prong should not be given a strict interpretation but rather a liberal one, especially with respect to the phrase "likely to result." *Id.* This is due to the fact that it is extremely difficult if not impossible, for the losing Defendant to show that their appeal is 'likely to result" in reversal, since "if the court had concluded it was likely making the wrong decision, it would have made the right one." *Id. See United States v. Wyman*, 667 F.Supp.2d 151, 153-154 (D.Me. 2009) (wherein defendant's sentence of 12 months and 1 day was stayed pending appeal over government's objection). The second prong's language is therefore "applied flexibly," and it has generally been taken to suggest that "if error is found, it must not be harmless or unprejudicial error." *Id.* Additionally, several Circuit Courts have "added the additional" concept that "likely to result in reversal" should be understood to mean that "it is more probable than not that a favorable decision will result in a reversal" of the conviction or a new trial. *Id.* However, "a question that can be regarded as 'close' will often suffice." *Id. See United States v. Colon-Munoz*, 292 F.3d 18, 20 (1st Cir. 2002).

III. **Discussion**

The Government argues that the Defendant has not shown that his appeal "raises a substantial question of law or fact likely to result in a reduced or probationary sentence." *See* ECF 89 at p. 1. They also argue that the Defendant failed to "identify any question of law or fact" to bring on appeal, but instead chose to focus "on the length of his sentence [and his] personal character." *Id.* at p.4. However, the Government fails to acknowledge that the purpose of the Defendant including facts related to his length of sentence were to show that if the court does not grant a stay in order for the Defendant to appeal his case he will suffer harm and irreparable injury. If the court does not grant the Defendant a stay pending the outcome of his appeal the amount of time the Defendant spends serving his sentence would be completed by the time the appeal makes its way to a federal judge. According to Defendant's motion, "appeals which are fully briefed and argued...can average over a year." *See* ECF 88 at p. 2. In addition, the Defendant "will have completed his 8-month term of

incarceration by the time his appeal" is either granted or denied in the D.C. Circuit. *Id.* Thus, if it turns out that due to errors from the Defendant's previous lawyer and other court errors his appeal is granted, the appeal would be of no benefit to the Defendant because he would have served time that he did not deserve. The potential harm that would be caused to the Defendant will be irreparable and unable to be remedied, even with a monetary amount. There is no amount of money that will allow the Defendant to get back the missing time with his family and the priceless moments in his young children's lives. Not to mention, the fact that the Defendant is the primary breadwinner of the family, and the family would not only be financially devastated but also emotionally devastated as well.

### A. Rivera Poses No Risk of Flight or Danger

Defendant Rivera has no criminal record. He clearly does not present a risk of flight or a danger to the community. This is also evidenced by his strict adherence to the terms of his release pending trial, during trial and pending sentencing. Moreover, Defendant's work with his church and his teachings at the church's academy indicate that he has strong family and community ties and poses no risk of flight or danger. Rivera is a U.S. Marine Corps veteran with 90% disability. He has a young family and many contacts and ties with his church and community. Rivera does not pose a risk of flight or danger to anyone.

### B. Rivera's Appeal Is Not For The Purpose of Delay

Rivera's appeal is not for purpose of delay, but actually quite the contrary. The Defendant will raise substantial questions of law and fact in his upcoming appeal. The Government is attempting to create an unfavorable view of the Defendant and subject him to prejudice by listing what he said on social media regarding the events of January 6, instead of focusing on the actions or conduct that gave rise to the charges. In addition, the Government avoids to mention the fact that the Defendant participated in the January 6th events as a type of reporter such as a journalist or blogger. It is well within Defendant's First Amendment rights to provide an opposing view to public events and he

attempted to accomplish that by filming every single moment, including outside and inside of the Capital. The Defendant is part of the production, media, and information technology at his church. Due to his knowledge and experience in production, the Defendant wanted to document and share the events that occurred during January 6 in order to provide the public with all information and to engage in fair and accurate reporting. As such, there is clear and convincing evidence before the Court that the Defendant is not likely to flee or pose a danger to any person or the community if he were released pending the appeal and the appeal is not meant to delay.

### C. Rivera Raises a Substantial Question of Law or Fact

Rivera is raising several claims in his appeal to the D.C. Circuit. A defendant who alleges ineffective assistance of counsel, must demonstrate that the performance of the attorney was deficient, and they were harmed as a result of that deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "In order to succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (citing *Strickland*, and *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203, (1985)). Under *Strickland*, prejudice is established by showing "there is a reasonable probability that but for counsel's unprofessional errors the trial outcome would have been different." *Freeman v. Chandler*, 645 F.3d 863, 869 (7th Cir. 2011). Simply put, a "reasonable probability" the defendant would not have been convicted. *See Stoia v. United States*, 22 F.3d 766, 771 (7th Cir. 1994).

    i.    **Rivera's prior counsel provided ineffective assistance of counsel.**

Rivera has hired new counsel to litigate his appeal, after previously being represented by Guy Womak of Houston, Texas. Rivera is raising an ineffective assistance of counsel claim on appeal, on the basis that attorney Womak failed to lodge or even mention Rivera's most important claims,

including Rivera's press credentials and first amendment defenses.

Rivera was a conservative news and entertainment journalist with several news outlets. Rivera had a media company called We the People 1776. Rivera had traveled to several Trump rallies leading up to the November 2020 election. Most significantly, Rivera was interviewed in December 2020 by CBS affiliate WKRG News5 in Mobile and was tentatively hired to do political and travel feature stories for the news outlet. WKRG's program manager was aware that Rivera was going to Washington on Jan. 6 and that Rivera would be shooting video, interviewing people, and acting as a news correspondent. Rivera held a professional camera in his hand as he walked through the Capitol interviewing and narrating on January 6.

Although attorney Guy Womak briefly mentioned Rivera's status as a "citizen" journalist during trial, Womak did not press the issue or pursue any defense related to Rivera's journalism. Womak did not file any motions to dismiss, and did not make First Amendment arguments. Womak did not object to obviously objectionable evidence, such as a Facebook post introduced against Rivera at trial which Rivera did not write and had not even read. (Rivera had merely been tagged in the post.)

Womak did not call any defense witnesses, and the trial lasted just one day with closing arguments the following morning. Rivera was convicted of all counts. At sentencing, the government surprised Rivera with additional social media posts of a humorous nature. Guy Womak did not object, and Rivera was sentenced to eight months in jail—the longest sentence in any misdemeanor sentence among the hundreds of other January 6 misdemeanor sentences.

Thus, under the well-established principles of *Strickland,* Rivera's attorney provided ineffective assistance of counsel.

**ii.    Rivera was punished for posting and being tagged in humorous memes on social media.**

Despite Rivera's decorated veteran and family status, his spotless criminal record, and his many contributions to his church and community, Rivera received an eight-month jail sentence for victimless, nonviolent misdemeanors committed on January 6. Much of the basis for Rivera's lengthy jail sentence was due to humorous posts and memes, which Rivera mostly did not write or create, posted on Facebook and/or other social media. Rivera's appeal will focus on both first-amendment implications and retaliatory punishment regarding this sentence.

Under the traditional rules and principles of criminal sentencing, a pre-sentence investigation focuses on a defendant's life history, criminal past, contributions to society, and the nature of the defendant's crime. But in this case, Rivera's sentence was mostly based on memes posted on Facebook. Rivera has solid grounds to believe his appeal will prevail or at least will have a good chance of prevailing.

### iii. The length of Rivera's sentence also suggests Rivera was punished for exercising his constitutional right to go to trial.

Rivera's sentence is around four times longer than the Probation Office and defense attorneys expected. The sentence is also around four times longer than the sentences of others similarly situated. It thus seems that Rivera's long jail sentence is in part a punishment for Rivera's decision to exercise a constitutional right. Rivera has sound reasons for believing this is reversible error on appeal.

Contrary to the Government's claim, the Defendant provided information in his motion that would indicate a "close question" and an error that was not only material to a reversal, but prejudicial as well. In his motion the Defendant indicated that he "has retained new counsel to pursue his appeal in the Court of Appeals [and] [h]is appeal will likely encompass the length of sentence as well as other issues in the case." *See* ECF 88 at p.1. This information is sufficient to indicate that there is a close question that relates to the effectiveness of Defendant's previous counsel. In addition, the Defendant makes the connection between the length of his sentence and how the violation of his Due Process rights would satisfy a close question of fact or law. There were

also prejudicial errors made during the Defendant's trial that violated his right to a fair trial and that can only be remedied if Defendant is granted a stay in order to devote his time towards the appeal. The fact that the Defendant was creating a blog as a journalist and went to the Capital that day with fair and accurate reporting as his primary goal, was never even mentioned at Court.

The Defendant has made claims that there was a lack of evidence and will prove on appeal the items of evidence that were withheld (or not admitted in error), and would warrant his conviction to be vacated and set aside. Thus, there are sufficient questions of fact and law that the Defendant plans to bring up on appeal. The Defendant has presented and will present numerous issues that are going to be presented on appeal, that pose a close enough question to either grant the appeal or warrant a new trial. Thus, it is respectfully submitted that these issues present substantial questions of law and fact that are likely to result in a reversal of Defendant's conviction or to result in an order for a new trial or resentencing.

### III. CONCLUSION

Based on the foregoing, defendant Rivera prays for an order staying his jail term until the outcome of his appeal.

Date: December 15, 2022

                                                                      Respectfully Submitted,

                                                              /s/ John M. Pierce
John M. Pierce
John Pierce Law, P.C.
21550 Oxnard Street,
3rd Floor, PMB 172
Woodland Hills, CA 91367
Tel: (213) 279-7846
jpierce@johnpiercelaw.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, December 15, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ John M. Pierce*
*John M. Pierce*